ARTHUR *VS.* SAUNDERS, SURVIVING PARTNER, &C.

1. Where defendant contracts to sell his crop of cotton to plaintiff, and money is advanced by plaintiff, on the faith of the contract, and but a part of the cotton is delivered,—defendant is liable on the *common money counts*, for the amount received by him, beyond the value of the cotton delivered. And to sustain the action, it is not necessary that the plaintiff should show *the return*, or *an offer to return the cotton* received—its value will go to lessen the recovery against the defendant.

Error to Chambers Circuit court.

Assumpsit—before *Pickett, J.*

The defendant in error declared against the plaintiff in *assumpsit*, for goods, wares and merchandise, sold and delivered—work and labor done—money lent and advanced—money paid, laid out and expended, and money had and received, &c.

To which the plaintiff in error pleaded a plea, amounting substantially to *non-assumpsit;* also the pleas of *payment* and *set-off.*

On the trial, a bill of exceptions was sealed, at the instance of the plaintiff in error, in which it is stated, that it was shown the " plaintiff had contracted with the defendant for his crop of cotton, which was to be delivered at a future time, that a portion of it had been delivered, and received by the plaintiff, and that the greater part of the money sued for, and almost all, was money advanced on the faith of the contract. On this state of facts, the counsel for the defendant requested the court to charge the jury, that the plaintiff could not recover

Arthur *vs.* Saunders, &c.

for the money so advanced, insisting that the action should have been on, and for a breach of the special contract. But the court charged, that as to any amount advanced beyond the cotton received, it could be recovered in this action, if the contract had not been fully complied with, on the part of the defendant."

The jury having found a verdict against the defendant below, and judgment being rendered thereon, he has brought his case here, and assigns for error—

1. That the Circuit court erred in refusing to give the charge required;

2. That there is also error in the charge, as given to the jury.

*Harris*, for plaintiff in error.
*Phelan*, contra.

COLLIER, C. J.—It is an undeniable principle, that where money has been paid by the plaintiff to the defendant, upon a contract which is afterwards rescinded, either in consequence of the nature of the contract, or by consent, or by the act of the defendant,—then, as the consideration has failed, the plaintiff is entitled to recover back his money, in an action for *money had and received*. But to sustain the suit on this ground, it is necessary that each party should be placed in *statu quo*, if it be practicable; therefore, where the plaintiff has purchased a horse or other chattel, with a warranty, which the defendant has broken, if the plaintiff would rescind the contract, he must return, or offer to return, the horse or other chattel, in a reasonable time. The necessity of making a

return, in order to a disaffirmance of the contract, has not been considered as of universal application. In Hancock vs. Tanner & Evans, (4 Stew. & Por. R. 262,) the plaintiff in error agreed, in consideration that the defendants had advanced to him a sum of money, that he would deliver to them a certain quantity of cotton—he delivered a part of it, but not so much as was of equal value with the money advanced. The defendants brought an action, to recover of the plaintiff, for the failure to comply with his contract. The plaintiff insisted, that as the defendants had not disposed of the cotton delivered, as by their contract they had undertaken to do, that he was not liable, on his special contract, or in *indebitatus assumpsit,* for the difference between the value of the cotton delivered, and the money received. The court disallowed his defence, and said that no action could have been sustained on the special contract, as the defendants in error had performed their agreement differently from its terms, and that they were entitled to "resort to the money counts for a recovery." Here is a direct authority in favor of the present action. It was not considered necessary that the cotton should have been returned to the seller before suit brought. On this point, it is not improbable, that the court was influenced by the consideration, that the nature of the subject was such, that the purchaser could not be expected to keep it, any longer than was necessary to find for it an advantageous market—and further, that the seller could not have been injured by the failure to return it, as he could have been allowed its full value, in admeasuring the extent of the recovery against him.

Without examining farther the case cited, we are willing to abide by it,—and the consequence is, that the judgment must be affirmed.